[L. A. No. 11328. In Bank.—May 7, 1930.]

ZOBELEIN COMPANY (a Corporation), Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

E. R. Young, Edward F. Wehrle and E. L. Searle for Appellant.

Jess E. Stephens, Robert J. Stahl, Erwin P. Werner, City Attorney, Herman Mohr and Sam H. Erwin, Deputies City Attorney, for Respondents.

Victor Ford Collins, *Amicus Curiae.*

PRESTON, J.—The essence of this appeal is the claim that a certain interlocutory judgment of -condemnation is void upon its face, which judgment was entered on the

twenty-second day of June, 1926, pursuant to proceedings theretofore had by the city council of the City of Los Angeles under the Street Opening Act of 1903, supplemented by the Street Opening Bond Act of 1911 (Deering's Gen. Laws, Acts 8198 and 8199, p. 3309 et seq.), in an action instituted by said city in the Superior Court of the state of California in and for the county of Los Angeles, entitled "The City of Los Angeles, a Municipal Corporation, Plaintiff, v. L. W. Blinn et al., Defendants," No. 152083, against plaintiff here and a large number of other persons, all owning property interests within an area necessary to be taken for the widening and opening of Flower Street from Washington Street to Exposition Boulevard, and for the prolongation of said street from Exposition Boulevard to the intersection of Thirty-eighth and Figueroa Streets, in said city.

In said action, on January 20, 1925, plaintiff here was duly served with summons, to which was attached a copy of the complaint; it made default; later an award was made by referees which, without objection upon the part of plaintiff, was confirmed by the court and later, on June 22, 1926, as above stated, said interlocutory judgment of condemnation was entered in due course. Soon thereafter an assessment covering the cost of the entire improvement, including an amount sufficient to pay plaintiff for its property so taken, was prepared and filed by the city council. A hearing was then had upon said assessment as filed and at this juncture plaintiff for the first time appeared and objected to the confirmation of said assessment upon the ground that the council had no jurisdiction to fix, levy or collect the same. Its protest was denied and the assessment was confirmed by the council. Within thirty days thereafter, to wit, on January 11, 1928, plaintiff commenced this action against the City of Los Angeles and the other defendants named to have said proceedings taken by the city council and by the board of public works declared invalid and to have issued an injunction against the collection of said assessment or any part thereof. Issue was joined, a trial had on the merits and thereafter judgment was entered for defendants. Plaintiff has appealed, relying solely upon the ground first above set forth.

It is claimed that the interlocutory decree is void upon its face because the summons did not contain the elements

required by statute in that it failed to make "reference to the complaint for descriptions of the respective parcels" sought to be condemned in said action (sec. 1245), Code Civ. Proc.).

■ Section 6 of said act of 1903 (Deering's Gen. Laws, p. 3313), referring to condemnation proceedings, provides: "Said action shall in all respects be subject to and governed by such provisions of the Code of Civil Procedure now existing or that may be hereafter adopted, as may be applicable thereto, except in the particulars otherwise provided for in this act." This, of course, makes applicable the provisions of both section 407 and section 1245 of the Code of Civil Procedure.

■ It is conceded that the complaint complied with the requirements of section 1244 of the Code of Civil Procedure and an examination of the summons shows that it contained the names of the parties and a direction that the defendants appear and answer in the manner provided by statute or plaintiff would apply to the court for the relief demanded in the complaint. It further contained a description of the entire area, in one parcel, sought to be condemned to effectuate said improvement, and also contained the following language: "And you, and each of you, are hereby notified to appear and show cause why the property above described should not be condemned as prayed for in the complaint."

It is our conclusion that inasmuch as said summons contained a description of the property *en masse*, and the complaint contained a description thereof in separate parcels, copy of complaint and summons being served together, the last above quoted reference in said summons was sufficient to fully comply with the said provision of section 1245 of the Code of Civil Procedure, requiring a reference to the complaint for a description of the respective parcels to be taken. This being our conclusion, it is unnecessary to discuss the other questions treated in the brief.

The judgment is affirmed.

Curtis, J., Richards, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.